UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RUBEN JUAREZ,

        Plaintiff,

v.                                                      Case No. 2:07-CV-56

PATRICIA CARUSO, et al.,                    HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Defendant Spickerman's Objections to the report and recommendation dated February 20, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion to dismiss (treated as a motion for summary judgment) based upon Plaintiff's failure to exhaust administrative remedies with regard to Defendants Caruso, Fett, White, Quigley, and Corcoran and deny the motion with regard to Defendant Spickerman. The magistrate judge concluded that grievance number OCF-06-06-00605-17A failed to name any Defendant other than Defendant Spickerman. He further concluded that the grievance sufficiently presented Plaintiff's claim because Plaintiff claimed at Step I that Defendant Spickerman treated him unfairly and that he was entitled to protection from discrimination on the basis of his race, religion, ethnic background, sex, national origin, or handicap. The magistrate judge further noted that grievance number OCF-060-600-586-28c, which Plaintiff offered in his response to Defendants' motion, was rejected because it contained multiple issues and Plaintiff did not appeal it to Step II or III.

After conducting a *de novo* review of the report and recommendation, the Court will adopt it in part and reject it in part. Specifically, the Court will adopt that portion recommending that the motion be granted with regard to Defendants Caruso, Fett, White, Quigley, and Corcoran and reject it with regard to Defendant Spickerman.

Plaintiff's claim in this case is that Defendants violated the Americans with Disabilities Act by denying him extended GED test time and failing to grant him an exemption from obtaining a GED in spite of his recognized disability of ADHD. As Defendant Spickerman notes in his Objections, in his Step I grievance, Plaintiff raised the issue of Defendant Spickerman treating him in a humiliating and unprofessional manner, but he did not mention a complaint about failure to accommodate a learning disability. In his Step II grievance, Plaintiff raised for the first time the issue of a learning disability, but his allegation was apparently that someone was denying his request to "obtain [his] obtainable GED Exemption." The Step II respondent found the request unclear, but interpreted the grievance to be that Plaintiff has a learning disability and should not have to obtain his GED. The Step II respondent instructed Plaintiff to forward a copy of his documentation of a learning impairment to the school principal. In his Step III grievance, Plaintiff again asserted that he has a learning disability and requested an exemption from the GED requirement. The Step III respondent concluded that Plaintiff failed to present sufficient information to show that he was entitled to an exemption.

The Court agrees with Defendant Spickerman that Plaintiff failed to properly exhaust his claim. Although, as the magistrate judge noted, Plaintiff stated in his Step I grievance that he was entitled to protection from discrimination on the basis his handicap, Plaintiff did not set forth the facts relating to his claim of a failure to accommodate his learning disability through the granting of an exemption until his Step II grievance. Plaintiff's Step I grievance failed to put Defendants on

notice that Plaintiff was claiming a failure to accommodate his alleged disability.  That is, Plaintiff failed to include these basic facts, as opposed to a legal theory, in his Step I grievance.  Because Plaintiff failed to properly present his claim in his Step I grievance, he failed to comply with the MDOC's exhaustion requirements, and his claim against Defendant Spickerman must be dismissed.  *See Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 20, 2008 (docket no. 21) is **ADOPTED IN PART AND REJECTED IN PART**.  The report and recommendation is adopted with regard to the recommendation to grant summary judgment with regard to Defendants Caruso, Fett, White, Quigley, and Corcoran.  The report and recommendation is rejected to the extent that it recommends denial of Defendants' motion for summary judgment against Defendant Spickerman.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (treated as a motion for summary judgment) (docket no. 9) is **GRANTED** with regard to all Defendants, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

This case is **concluded.**


Dated: March 26, 2008                               /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE